UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIA M. SOLARES, on behalf of herself
and all others similarly situated,

                              Plaintiff,

      v.                                                        **REPORT &**
                                                        **RECOMMENDATION**
FINANCIAL RECOVERY SERVICES, INC.,         CV 19-991 (SJF)(GRB)

                              Defendants.
-------------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

      Before the undersigned is a motion for summary judgment by defendant Financial Recovery Services, Inc. against plaintiff Maria M. Solares, Docket Entry ("DE") 17, which has been referred to the undersigned by the Honorable Sandra J. Feuerstein for report and recommendation. Order dated Sept. 4, 2019. For the reasons stated herein, the undersigned respectfully recommends that the defendant's motion for summary judgment be GRANTED.

## PROCEDURAL BACKGROUND

      Plaintiff commenced this putative class action under the Fair Debt Collection Practices Act ("FDCPA") in Suffolk County Supreme Court on October 1, 2018. Summons with Notice, DE 1-2. Defendant was served on January 28, 2019. Notice of Removal 2, DE 1. On February 19, 2019, defendant filed a notice of removal to this Court based upon federal question jurisdiction. *Id.* Plaintiff filed a complaint on March 20, 2019. Compl., DE 7.

      On March 25, 2019, Judge Feuerstein issued an order to show cause why this case should not be dismissed, in whole or in part, based upon the Second Circuit's decisions in *Kolbasyuk v. Capital Mgmt. Servs.*, LP, 918 F.3d 236 (2d Cir. 2019), and *Corwise v. FMS Inv. Corp.*, 758 F. App'x 213, 214 (2d Cir. 2019). On March 26, 2019, plaintiff filed a response to the order to

1

show cause. On March 27, 2019, defendant filed an answer to the complaint. DE 11. Defendant filed a reply to plaintiff's response to the order to show cause on April 17, 2019. DE 12. On May 2, 2019, Judge Feuerstein held an initial conference and set a schedule for summary judgment. DE 15. On August 27, 2019, defendant filed the instant fully briefed summary judgment motion. DE 17.

## FACTUAL BACKGROUND

Plaintiff did not file any response to defendant's statement of material facts pursuant to Local Civil Rule 56.1 ("Defendant's 56.1 Statement"). *See generally* Docket Sheet; Def.'s 56.1 Statement, DE 19. "Upon the failure to properly controvert a movant's statement of material fact [under Local Civil Rule 56.1], such statement "will be deemed admitted for the purposes of the motion." *Southside Hosp. v. New York State Nurses Ass'n*, No. CV 15-2282 (JS)(GRB), 2017 WL 9485721, at *2-3 (E.D.N.Y. Jan. 26, 2017), *report and recommendation adopted*, 2017 WL 837673 (E.D.N.Y. Mar. 3, 2017), *aff'd*, 732 F. App'x 53 (2d Cir. 2018). Whereas here, plaintiff filed no statement to controvert the Defendant's 56.1 Statement, the Defendant's 56.1 Statement is admitted in the entirety. In any event, the undersigned has conducted an assiduous review of the record, and found no genuine dispute as to any material fact. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (holding that courts "may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement [pursuant to Local Civil Rule 56.1]"). The undisputed facts are as follows:

Plaintiff held a credit card issued by Barclays Bank Delaware ("Barclays"). Def.'s 56.1 Statement ¶ 1. On June 2, 2017, Barclays engaged defendant to collect $6,778.08 from plaintiff,

2

with no additional amount owing and no applicable interest rate having been provided from Barclays to defendant. *Id.* at ¶¶ 2-3.

It is undisputed that plaintiff's debt was "static" as neither Barclays nor the defendant intended on accruing interest or fees on the credit card account. *See generally* Compl. ¶¶ 20-24; Pl.'s Br. 1, DE 21; Def.'s 56.1 Statements ¶¶ 4-9. If plaintiff paid the outstanding balance, that payment would have fully resolved the debt. Def.'s 56.1 Statement ¶ 9.

On each date—June 5, 2017, July 10, 2017, August 8, 2017, and October 6, 2017—defendant sent a letter to plaintiff reflecting a balance owed of $6,778.08. Def.'s 56.1 Statement ¶ 10. On October 27, 2017, defendant closed the credit card account upon receipt of notice that plaintiff had filed for bankruptcy. *Id.* at ¶ 13.

At dispute is a letter dated October 6, 2017, which plaintiff has attached as Exhibit A to the complaint ("Collection Notice"). *Id.* at ¶ 11; *see* Compl. Ex. A. The Collection Notice states "TOTAL BALANCE DUE: 6778.08," and three payment coupons at the bottom of the letter that state, "Balance due as of October 6, 2017: $6778.08." Def.'s 56.1 Statement ¶ 12.

Plaintiff alleges four causes of action in the complaint. Compl. ¶¶ 17-28. The first cause of action asserts that the language stating balance due "as of" a certain date implies that the balance is not static, and conflicts with the language of "total balance due," constituting a false, deceptive or misleading means of collecting a debt under 15 U.S.C. § 1692e ("Section 1692e" or "§ 1692e"). *Id.* at ¶¶ 17-21. The second cause of action asserts that "[d]escribing 'Balance Due' as being 'as of the date of this letter' or as of a particular date in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt" under § 1692e. *Id.* at ¶¶ 22-24. The third cause of action asserts that "[The Collection Notice] amounted to a false, deceptive or misleading means in connection with the collection of debt" under § 1692e, without

3

further specificity.  *Id.* at ¶¶ 25-26.  Finally, the fourth cause of action asserts, again without specificity, that the defendant violated 15 U.S.C. § 1692g ("Section 1692g" or "§ 1692g") as a result of defendant sending the Collection Notice to plaintiff.  *Id.* at ¶¶ 27-28.

## LEGAL STANDARD

This motion for summary judgment is decided under the oft-repeated and well understood standard for review of such matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom.*, *Bartels v. Schwarz*, 643 F. App'x. 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

## DISCUSSION

1. **Standing**

Defendant argues because plaintiff merely alleges a procedural violation, "she failed to assert a sufficient harm to satisfy Article III standing requirements to successfully assert an FDCPA claim against [defendant]."  Def.'s Br. 6-9, DE 18.

Standing is a "threshold matter" in determining whether a court had jurisdiction to hear and decide a case.  *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018).  To satisfy Article III standing, a plaintiff must demonstrate (1) injury in fact, (2) causal connection between the injury and complained-of conduct, and (3) a likelihood that the injury will be addressed by a favorable decision.  *Id.*  "[W]here Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient 'risk of real harm' to the underlying interest to establish a concrete injury without 'need [to]

allege any *additional* harm beyond the one Congress has identified.'" *Id.* at 81 (citations omitted).

In *Cohen v. Rosicki, Rosicki & Associates, P.C.*, the Second Circuit rejected defendant's argument. *Id.* at 80-81. The court found that "§§ 1692e and 1692g protect an individual's concrete interests, so that an alleged violation of these provisions satisfies the injury-in-fact requirement of Article III." *Id.* at 81 (citing *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017)("plaintiff's allegations of violations of §§ 1692e and 1692g by themselves entailed the concrete injury necessary for standing.")).

Like *Cohen*, plaintiff's claims under §§ 1692e and 1692g protect her individual interests, such that the alleged violations satisfy the injury-in-fact requirement of Article III standing. The basis of plaintiff's claims, if true, would present a "risk of real harm" to the underlying economic interest to a consumer such as plaintiff. *Cf. id.* at 81-82.

## 2. Section 1692e

The Second Circuit is guided by two principles of statutory construction in determining whether a collection notice violates § 1692e. *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 213-14 (2d Cir. 2018); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016). The first principle is that "the FDCPA must be construed liberally to effectuate its stated purpose— i.e., 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Taylor*, 886 F.3d at 214; *see also Avila*, 817 F.3d at 75. The second principle is that collection notices are to be viewed from the perspective of the "least

5

sophisticated consumer." *Taylor*, 886 F.3d at 214 (citing *Avila*, 817 F.3d at 75). As the Second Circuit held,

> [W]e ask how the least sophisticated consumer—one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer—would understand the collection notice. . . . Pursuant to this standard, 'a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate.'

*Taylor*, 886 F.3d at 214 (quoting *Avila*, 817 F.3d at 75). The Second Circuit applied these principles in *Avila v. Riexinger & Associates, LLC* and *Taylor v. Financial Recovery Services, Inc.*

In *Avila*, plaintiff, who had a debt with accruing interest at a rate of 500% per year, alleged that the least sophisticated consumer would be misled from reading "current balance" on a collection notice as indication that the debt would not increase based on interest or fees, and that payment of that amount would satisfy the debt irrespective of when the payment was remitted. *Avila*, 817 F.3d at 74. The Second Circuit agreed. *Id.* at 76. As a remedy, the court provided that "a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if the payment is made by a specified date." *Id.* at 77.

By contrast, in *Taylor*, plaintiffs, who had debt that were not accruing interest or fees, received a collection notice that contained no statement that as to whether those debts were accruing interests or fees. *Taylor*, 886 F.3d at 213. The Second Circuit held that in this scenario, "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Id.* at 215. The court found

6

that unlike the plaintiffs in *Avila* who had debt that was accruing interest, "prompt payment of the amounts stated in [plaintiffs'] notices *would* have satisfied their debts." *Id.* at 214. The court explained,

> Of course, being informed that their debts were not accruing interest or fees could have been advantageous to [plaintiffs], as it would have alerted them to the fact that they could delay repayment without their debts increasing. Thus, the only harm that [plaintiffs] suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in *Avila*.

*Id.*

In analyzing FDCPA claims, courts have distinguished between "static" and "dynamic" debts. A "static debt," does not increase based upon accrual of interest or other fees, while a "dynamic debt" increases based upon interest and fees. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016); *Witt v. Midland Funding LLC*, No. 18-CV-1468 (LDH)(RER), 2019 WL 5781139, at *2 (E.D.N.Y. Sept. 13, 2019); *De La Cruz v. Fin. Recovery Servs., Inc.*, No. 17-CV-9931 (PGG), 2019 WL 4727817, at *1 (S.D.N.Y. Mar. 28, 2019); *Watson v. Midland Credit Mgmt., Inc.*, No. 18-CV-2400 (DRH)(AKT), 2019 WL 2527295, at *3 (E.D.N.Y. June 19, 2019). District courts interpreting *Avila* and *Taylor* have looked to whether plaintiff's debt was static or dynamic. *See, e.g.*, *Witt*, 2019 WL 5781139, at *2 (collecting cases); *De La Cruz*, 2019 WL 4727817, at *6; *Watson*, 2019 WL 2527295, at *3.

In *De La Cruz*, the court held that where "the Complaint does not allege that the debt Plaintiff incurred with Citibank was accruing interest or other charges," *Taylor* foreclosed the claim that the collection notice's language that plaintiff owed debt "[a]s of the date of this notice" was misleading in that it implied the debt was dynamic when it was static under § 1692e. *De La Cruz*, 2019 WL 4727817, at *1-7.

7

Here, as in *De La Cruz*, plaintiff cannot prevail on the first and second causes of action because the language of "as of" the date of this letter is not in violation of § 1692e. Similar to the "[a]s of the date of this notice" language in *De La Cruz*, the language here is not misleading because the plaintiff's debt is static, and as such, *Taylor* forecloses plaintiff's first and second causes of action. *Cf. De La Cruz*, 2019 WL 4727817, at *1-7. As in *Taylor*, the only harm that could arise is the mistaken belief that earlier repayment provides a financial benefit, but this supposed harm falls short of the obvious danger facing consumers in *Avila*. *Cf. Taylor*, 886 F.3d at 214.[1] Therefore, summary judgment should be granted as to the first and second causes of action.

As to the third cause of action, while the complaint fails to specify the alleged issue, plaintiff argues that, under the least sophisticated consumer standard, the Collection Notice's option of "Monthly payments as LOW as $25.00" implies that if plaintiff "chooses to pay as low as $25/month, then the total of her payments may amount to more than the aforementioned 'Total Balance Due' of $6778.08." Pl.'s Br. 3-4 (citing *Watson*, 2019 WL 2527295, at *6).

In *Watson v. Midland Credit Management, Inc.*, Judge Hurley held, in the context of a motion to dismiss, where plaintiffs alleged that "their debts are subject to the accrual of interest

---

[1] Plaintiff cites to a plethora of cases, all of which are inapplicable. Pl.'s Br. 6-14. *Zirogiannis v. Seterus*, 707 F. App'x 724 (2d Cir. 2017) is distinguishable because that case addressed compliance with § 1692g, and not § 1692e. *See Avila*, 817 F.3d at 76 (holding that §§ 1692e and 1692g "have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector"). Furthermore, *Anzelone v. ARS National Services, Inc.*, is likewise distinguishable because there "Anzelone alleges that the accounts were accruing interest," which would make the case analogous to *Avila*. *Anzelone v. ARS Nat'l Servs., Inc.*, No. 17-CV-4815 (ADS)(ARL), 2018 WL 3429906, at *4 (E.D.N.Y. July 16, 2018) (citing *Avila*, 817 F.3d at 76-77). Lastly, this Court is not bound by the regulations of the New York State Department of Financial Services, and decisions from the Northern District of Illinois are inapposite in the face of Second Circuit cases on point. *See* Pl.'s Br. 6 (citing 23 N.Y.C.R.R. 1.2(b)(2)); *id.* at 8 (citing *Lopez-Gordillo v. Fin. Recovery Servs., Inc.*, No. 18 C 6125, 2019 WL 527627 (N.D. Ill. Feb. 11, 2019)).

8

and late payment fees," the collection notice's language that "'monthly payments as low as' $ 50 per month" is in violation of § 1692e under *Avila* because "Defendant might require the (allegedly) continued imposition of interest and late payment fees on the debt." *Watson*, 2019 WL 2527295, at *6 (citing *Avila*, 817 F.3d at 74). However, as Judge Hurley further noted, "if, in fact, as Defendant claims, interest and other fees are no longer accruing on Plaintiffs' debts, then under *Taylor*, the letters would not be misleading." *Id.* (citing *Taylor*, 886 F.3d at 215).

Here, because plaintiff's debt is indisputably static, the collection notice's option that plaintiff can make "Monthly payments as LOW as $25.00" makes the case analogous to *Taylor*. *cf. Watson*, 2019 WL 2527295, at *6. Nor does the option of "Monthly payments as LOW as $25.00" read in conjunction with the language of "Balance Due as of October 6, 2017: $6778.08" compel a different result. Pl.'s Br. 4; *cf. Watson*, 2019 WL 2527295, at *6.[2] Again, as in *Taylor*, the only harm that plaintiff "might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in *Avila*." *Taylor*, 886 F.3d at 214. Therefore, summary judgment should be granted as to the third cause of action.

### 3. Section 1692g

Defendant argues that the Collection Notice is compliant with § 1692g. Def.'s Br. 14-15. Plaintiff offers no response, and as such, their fourth cause of action may be deemed abandoned.

---

[2] Plaintiff's reliance on *Romonoyske v. Alltran Financial, LP*, No. 18-CV-7138 (SJF)(SIL), 2019 WL 1748605 (E.D.N.Y. Apr. 17, 2019), is misplaced. Pl.'s Br. 5. In *Romonoyske*, this Court held that the practice where the collection letter stated one balance, but urged the consumer to call a phone number that may reveal a different balance is misleading under § 1692e. *Romonoyske*, 2019 WL 1748605, at *1. There is no evidence of such a practice here. *See, e.g., Witt*, 2019 WL 5781139, at *2 (discussing similar cases).

9

*Cf. Camarda v. Selover*, 673 F. App'x 26, 27 (2d Cir. 2016) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014) ("Where, as here, a counseled non-moving party submits 'a partial response arguing that summary judgment should be denied as to some claims while not mentioning others,' that response 'may be deemed an abandonment of the unmentioned claims.'"). In any event, summary judgment should be granted on the fourth cause of action on the merits.

Section 1692g provides, in pertinent part, "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing—(1) the amount of the debt[.]" *Kolbasyuk v. Capital Mgmt Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019). "The 'amount of the debt,' then, signifies the total, present quantity of money that the consumer is obligated to pay." *Id.* at 240.

In *Kolbasyuk v. Capital Management Services, LP*, the Second Circuit held that the language "As of the date of this letter, you owe $ 5918.69" complied with § 1692g, and "[n]othing in Section 1692g required [the debt collector] to inform [plaintiff] of the constituent components of that debt or the precise rates by which it might later increase." *Id.* at 239-40; *see also Corwise v. FMS Inv. Corp.*, 758 F. App'x 213, 215 (2d Cir. 2019); *Taubenfliegel v. United Collection Bureau, Inc.*, No. 18-CV-2005 (MKB), 2019 WL 1934519, at *3 (E.D.N.Y. May 1, 2019).

Here, the Collection Notice complies with § 1692g. As in *Kolbasyuk*, "TOTAL BALANCE DUE 6778.08" and "Balance due as of October 6, 2017: $6778.08" signify the total, present quantity of money that plaintiff is obligated to pay, and nothing more is required under § 1692g. The undersigned also notes that defendant sent three other notices, all of which state that

10

plaintiff owed the same amount, $6,778.08, and plaintiff's debt is static.  Compl. ¶¶ 20-24; Pl.'s Br. 1; Def.'s 56.1 Statements ¶¶ 4-10.  Therefore, summary judgment should be granted as to the fourth cause of action.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that defendant's motion for summary judgment be GRANTED.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.**  *Meija v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* review or any other standard, when neither party objects to those findings").  This is

particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Meija*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
      December 3, 2019

                                    /s/ Gary R. Brown
                                    GARY R. BROWN
                                    United States Magistrate Judge